# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 13-CR-0237-CVE |
| CHRIS BIRMINGHAM,<br>a/k/a Milton D. Birmingham,<br>a/k/a Christopher Birmingham, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Now before the Court is defendant's oral motion for a continuance of all deadlines in the scheduling order. On December 2, 2013, the grand jury returned a single-count indictment (Dkt. # 2) charging defendant with possession of a firearm after former felony conviction. The indictment cites 18 U.S.C. §§ 922(g) and 924(a)(2) as the statutory basis for the offense and, under § 924(a)(2), the statutory maximum sentence would be 10 years imprisonment. The Court entered a scheduling order (Dkt. # 9) setting this case for pretrial conference on January 7, 2014, and the trial was set for January 21, 2014. The Court appointed counsel to represent defendant, but defendant requested the appointment of substitute counsel. Dkt. # 14. On January 6, 2014, the Court granted defendant's request for a new attorney and appointed Keith Ward to represent defendant. Dkt. # 16. Defendant and his new attorney appeared at the pretrial conference on January 7, 2014, and defense counsel made an oral motion for a continuance of all deadlines in the scheduling order. At the hearing, the government advised the Court and defendant that it would be seeking a superseding indictment to clarify that defendant has additional felony convictions, and defendant may be subject to sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Under the ACCA, the statutory

mandatory minimum sentence would be 15 years imprisonment. Defendant has executed a speedy trial waiver (Dkt. # 18). The government does not oppose defendant's oral motion for a continuance.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight

2

to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defendant requests a 30 day continuance of all deadlines in the scheduling order (Dkt. # 9). Defense counsel was appointed to represent defendant on January 6, 2014, and he states that he will not have sufficient time to prepare for trial under the current scheduling order. Defense counsel has received the discovery materials that were provided to defendant's former attorney, but he has not had time to fully review the discovery. Defense counsel also states that he has not had time to determine if it would be appropriate to file pretrial motions, and he needs additional time to consult with his client and prepare a defense. The Court also takes into account that defendant may be subject to sentencing under the ACCA and, if he is convicted, he would face a statutory mandatory minimum sentence of 15 years imprisonment. Considering the seriousness of the charge against defendant and the recent appointment of substitute counsel, the Court finds that it would be unreasonable to expect defense counsel to be prepared for trial by January 21, 2014. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's oral motion for a continuance is **granted**, and the jury trial set for January 21, 2014 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | February 4, 2014 |
| Responses due: | February 11, 2014 |
| PT/CP/Motions Hearing: | **February 12, 2014 at 9:30 a.m.** |

Voir dire, jury instructions, and trial briefs due: February 12, 2014

Jury Trial: **February 18, 2014 at 9:15 a.m.**

**IT IS FURTHER ORDERED** that the time between January 21, 2014 and February 18, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 7th day of January, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE